c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CARY ELLIS MALONE, Plaintiff | CIVIL ACTION NO. 3:17-CV-00707 SEC P |
| VERSUS | JUDGE JAMES |
| JONATHAN D. CAMPBELL, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff Cary Ellis Malone ("Malone"), proceeding pro se and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on May 31, 2017. (Doc. 1). Malone names as Defendants Jonathan D. Campbell, Monroe Police Department ("Campbell"),[1] Holly Chambers Jones, Assistant District Attorney ("Jones"), George Britton, Ouachita Parish Public Defender's Office ("Britton"), and Jay Nolan, Ouachita Parish Public Defender's Office ("Nolan") ("Defendants"). Nolan filed a Motion to Dismiss (Doc. 9) under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(6). Jones filed a Motion to Dismiss for Failure to State a Claim and Alternatively Motion for Summary Judgment (Doc. 18) under Federal Rule of Civil Procedure 12(b)(6), and alternatively, Federal Rule of Civil Procedure 56. Because it is frivolous, Malone's Complaint should be dismissed with prejudice.

---

[1] Malone names Campbell as a Defendant. (Doc. 1). However, throughout the Complaint and attachments he is referred to as Jonathan D. Chapman ("Chapman"). (Docs. 1, 1-2). Accordingly, Chapman should be substituted as a named Defendant for Jonathan D. Campbell and hereinafter will be referred to as "Chapman."

1

I. Background

Malone claims Officer Chapman of the City of Monroe Police Department presented a falsified an affidavit of probable cause to arrest plaintiff without a warrant to the Fourth Judicial District Court. (Doc. 1). At a preliminary hearing on August 6, 2014, in Criminal Docket Number 12-F3385, Malone claims Assistant District Attorney Jones "supported and represented the falsified information presented to the Court" by Chapman. (Doc. 1). Malone claims both Chapman and Jones perpetuated the false statement that "Malone advised he had some crack in the back of his truck in a bag," while withholding the fact that another individual, Joseph Swan ("Swan"), was present at the time of the investigation and stated that he was the one who put the drugs in the back of Malone's truck. (Doc. 1). Malone alleges Jones misled the Court regarding a Crime Stopper's report, which did not actually exist, and that his court-appointed attorney, Britton, did not object to that "fabrication" of facts. (Doc. 1).

Malone claims that on March 25, 2015, seven months after the preliminary hearing, Judge Larry Jefferson conducted a Boykin examination. Malone alleges Nolan was appointed to represent him. (Doc. 1) Malone claims that Defendants acted together to deprive him of his liberty without due process by the use of falsified information. (Doc. 1). Malone alleges Jones committed fraud upon the Court in her "factual basis for the plea," and once again withheld information regarding Swan's role in the matter. (Doc. 1). Malone claims Nolan failed to object. (Doc. 1).

Malone further claims that even after the Court refused to accept his guilty plea, Nolan convinced the Court that a guilty plea was in Malone's best interest.[2] (Doc. 1). Malone alleges Nolan provided ineffective assistance of counsel. (Doc. 1). Malone took an Alford plea to possession of a Controlled Dangerous Substance on March 25, 2015 with a one-year at hard labor sentence, credit for time served, to run concurrent to a 2008 matter, Criminal Docket Number 08-F1745. (Doc. 1-2).

## II. Law and Analysis

### A. Malone's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Malone is not a prisoner. However, because he has been allowed to proceed *in forma pauperis*, Malone's Complaint is also subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[3]

---

[2] A "best interest" plea is an Alford plea "in which the defendant pleads guilty while maintaining his innocence." State v. Calhoun, 694 So.2d 909, 915 (La. 1997) (citing North Caroline v. Alford, 400 U.S. 25 (1979)).

[3] Summons were issued in this matter on June 5, 2017. However, as no responsive pleadings have been filed at this time, screening by this Court is appropriate.

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)). If plaintiff is a prisoner, then 28 U.S.C. § 1915A governs; if he is not, then 28 U.S.C. § 1915(e)(2)(B) applies. The same analysis would be involved in either case. See Mazzaglia v. State, 229 F.3d 1133 (1st Cir. 2000).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319 (1989). A claims lacks an arguable basis in law when it is "based on indisputably meritless legal theory." Id. at 327. While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A district court is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 U.S. at 679. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### B. Malone's Complaint should be barred as untimely.

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)). Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitation for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. Wilson v. Garcia, 471 U.S. 261, 279-80 (1984); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the Court applies Louisiana Civil Code article 3492, which carries a limitations period of one year. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. Jacobsen, 133 F.3d at 319. Under federal law, a § 1983 action accrues when a plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987); see also Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980).

Malone was arrested on December 7, 2012. (Docs. 1, 1-2). Malone's Complaint establishes he first had knowledge of Defendants' alleged unconstitutional acts at the August 6, 2014 preliminary examination. (Docs. 1, 1-2). However, Malone asserts that Defendants continued to conspire to deprive him of his constitutional rights until

the March 25, 2015 Boykin examination. Malone therefore had one-year, or until March 25, 2016, at the latest, to file his civil rights complaint claiming that defendants "deprived him of his liberty without the due process of law." (Doc. 1). Malone's Complaint was filed on May 31, 2017, well beyond the expiration of the 1-year period of limitations. (Doc. 1). Malone's Complaint is prescribed on its face.

### C. Malone's claims should be dismissed under § 1915(e)(2)(b).

Under 42 U.S.C. § 1983, a plaintiff may file suit against a person acting under color of state law who has allegedly violated the plaintiff's constitutional rights. 42 U.S.C. § 1983. Section 1983 claims do not provide a remedy against States because (1) States are not "persons" for the purposes of § 1983, and (2) such claims are barred by the Eleventh Amendment, which grants immunity to the States. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); see Edelman v. Jordan, 415 U.S. 651, 663 (1974).

Further, "[a] suit against a state official in his…official capacity in not a suit against an official but rather is a suit against the official's office," and thus is "no different from a suit against the State itself." Will, 491 U.S. at 71. Section 1983 does not provide for a remedy against the state; such an action is barred by the Eleventh Amendment. Young v. Akal, 985 F.Supp.2d 785, 795 (W.D. La. 2013) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Will, 491 U.S. at 71. To the extent Malone's claims against Chapman and Jones are asserted against them in their official capacity, such claims are barred by the Eleventh Amendment and should be dismissed with prejudice.

To the extent Chapman and Jones are sued in their individual capacities, government officials are entitled to qualified immunity for civil damages if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hill v. Sheriff's Office Iberia Par., 2009 WL 928080, at *2 (W.D. La. 2009), aff'd sub nom. Hill v. Hebert, 389 Fed.Appx. 414 (5th Cir. 2010) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In other words, qualified immunity is available when a reasonable official would not have known that his actions would violate a constitutional right that was clearly established at the time of the incident. Id.

Qualified immunity is not merely a defense to liability but an immunity from suit. Swint v. Chambers County Comm'n, 514 U.S. 35, 42 (1995). Claims of qualified immunity require a two-step analysis. Hill, 2009 WL 928080, at 3. First, the court must determine whether the plaintiff has alleged that "the officer's conduct violated a constitutional right." Id., (citing Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003)). If there is no constitutional violation, the court's inquiry ends. Id. Malone's Complaint does not set forth any facts that establish a violation of a constitutional right. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 U.S. at 679. There are no facts to support the conclusory allegations against Chapman and Jones. Malone's claims against Chapman and Jones acting in an individual capacity should be dismissed with prejudice.

7

Additionally, a plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of Section 1983. Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Additionally, neither a retained nor a court appointed attorney acts under color of state law. See Polk Cty. v. Dodson, 454 U.S. 312 (1981). Nolan and Britton are not a state actors. (Docs. 1, 1-2). Malone's § 1983 claims against Nolan and Britton should be dismissed as frivolous.

### D. Malone cannot obtain review of a prior conviction or sentence in a § 1983 action.

To the extent that Malone seeks to challenge a prior conviction or sentence, the claim should be dismissed. Section 2254 is the proper vehicle for challenging the validity of a conviction or sentence. 28 U.S.C. § 2254(a).

If a favorable judgement would necessarily imply the invalidity of a prisoner's conviction or length of sentence, a § 1983 action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). "Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. That rule extends to

former prisoners who are no longer in custody. Black v. Hathaway, 616 F.App'x 650, 654 (5th Cir. 2015), cert. denied, 136 S. Ct. 982 (2016); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). It also applies to those who enter Alford pleas. See Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006).

Malone seeks to claim Nolan provided ineffective assistance of counsel arising from his Alford plea. (Docs. 1, 1-2). That claim is barred by Heck, unless Malone can show that his convictions have already been set aside. Heck, 512 U.S. at 487. There is no indication in Malone's filings that his convictions have been successfully vacated on appeal, post-conviction, or otherwise. (Docs. 1, 1-2). Malone's claims against Nolan regarding ineffective assistance of counsel must be dismissed with prejudice until he can demonstrate the Heck conditions have been met. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Malone's § 1983 Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that Malone's request for habeas relief be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Nolan's Motion to Dismiss (Doc. 9), and Jones's Motion to Dismiss for Failure to State a Claim and Alternatively Motion for Summary Judgment (Doc. 18) be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge